IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN 29 2021
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 3:21cv433 TSL RPM |
| B. SCOTT BUFFINGTON; TITLE SERVICES, LLC; AND DONALD HANKINS | DEFENDANTS |

## COMPLAINT

Plaintiff Fidelity National Title Insurance Company ("Fidelity") files this complaint to recoup amounts it was required to pay as a result of Defendant B. Scott Buffington's negligence, Defendant Title Services LLC's breach of contract, and Defendant Donald Hankins' breach of warranties of title contained in certain Warranty Deeds he conveyed. In support of its claim, Fidelity states as follows:

## PARTIES

1. Plaintiff Fidelity National Title Insurance Company is a corporation organized under the laws of the State of Florida. Its headquarters and principal place of business are located in Florida. Thus, Fidelity is a citizen of the State of Florida. *See* 28 U.S.C. § 1332(c)(1) (providing that a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

2. Defendant B. Scott Buffington is an adult resident citizen of the State of Mississippi. Mr. Buffington may be served with process at his business address, 115 Main Avenue North, Magee, Mississippi 39111.

3.     Defendant Title Services LLC is a limited liability company organized under the laws of the State of Mississippi. On information and belief, the members of Title Services LLC are The Citizens Bank of Philadelphia, a corporation organized under the laws of the State of Mississippi with its principal place of business at 521 Main Street, Philadelphia, Mississippi 39350; PriorityOne Bank, a corporation organized under the laws of the State of Mississippi with its principal place of business at 220 North Main Avenue, Magee, Mississippi 39111; People's Bank, a corporation organized under the laws of the State of Mississippi with its principal place of business at 160 East Maud Avenue, Mendenhall, Mississippi 39114; and Ross & Yerger Insurance, Inc., a corporation organized under the laws of the State of Mississippi with its principal place of business at 100 Vision Drive, Suite 100, Jackson, Mississippi 39211. The Citizens Bank of Philadelphia; PriorityOne Bank; People's Bank; and Ross & Yerger Insurance, Inc., are citizens of the State of Mississippi. *See* 28 U.S.C. § 1332(c)(1) (providing that a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Hence, Title Services LLC is a citizen of the State of Mississippi. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members."). Title Services LLC may be served with process via its registered agent, R. Eason Leake, 100 Vision Drive, Suite 100, Jackson, Mississippi 39211.

4.     Defendant Donald Hankins is an adult resident citizen of the State of Mississippi. Mr. Hankins may be served with process at his last known address, 250 Everett Church Road, Mendenhall, Mississippi 39114.

10417576.1

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1332, as the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue is appropriate under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), because all Defendants reside in the Southern District of Mississippi and the controversy arises in substantial part out of transactions involving real property in Simpson County, Mississippi.

## FACTS

7. This lawsuit concerns two tracts of real property located in Simpson County, Mississippi.

8. On March 28, 2013, Donald Hankins executed a Warranty Deed (the "First 2013 Warranty Deed") conveying interests in a 3.13-acre tract of real property ("Tract One") located in Section 20 and Section 21, Township 2 North, Range 5 East, of Simpson County, Mississippi, to Joshua P. McLemore. The First 2013 Warranty Deed expressly reserves a life estate in Mr. Hankins. It was filed of record in the Office of the Chancery Clerk of Simpson County, Mississippi, on or about January 12, 2018, in Book 2378, at Pages 154-155, and as Instrument No. 201800140. A true and correct copy of the First 2013 Warranty Deed is attached to the Complaint and marked as **Exhibit A**.

9. Also on March 28, 2013, Mr. Hankins executed a Warranty Deed (the "Second 2013 Warranty Deed") conveying interests in another 3.13-acre tract of real property ("Tract Two") located in Section 20 and Section 21, Township 2 North, Range 5 East, of Simpson County, Mississippi, to Jacob H. McLemore. The Second 2013 Warranty Deed expressly reserves a life estate in Mr. Hankins. It was filed of record in the Office of the Chancery Clerk of Simpson County, Mississippi, on or about January 12, 2018, in Book 2378, at Pages 156-157, and as

10417576.1

Instrument No. 201800141. A true and correct copy of the Second 2013 Warranty Deed is attached to the Complaint and marked as **Exhibit B**.

10. Later in 2018, however, Mr. Hankins agreed to convey fee simple interests in Tract One and Tract Two to Jeffrey Jones and Jeannie Jones, even though he owned only life estates in those tracts.

11. On August 27, 2018, Mr. Hankins executed a Warranty Deed (the "2018 Warranty Deed") that purported to convey four tracts of real property located in Simpson County, Mississippi—including Tract One and Tract Two—to Mr. Jones and Mrs. Jones in fee simple as joint tenants with full rights of survivorship. The 2018 Warranty Deed was filed of record in the Office of the Chancery Clerk of Simpson County, Mississippi, on or about August 28, 2018, in Book 2388, at Pages 620-625, and as Instrument No. 201803140. A true and correct copy of the 2018 Warranty Deed is attached to the Complaint and marked as **Exhibit C**.

12. Also on August 27, 2018, to secure a loan of One Hundred Eighty-Eight Thousand Ninety-Six Dollars and 50/100 cents ($188,096.50), Mr. Jones and Mrs. Jones conveyed a Deed of Trust (the "2018 Deed of Trust") encumbering Tract One and Tract Two to Nicole T. Lewellyn, as trustee for PriorityOne Bank ("PriorityOne") of Magee, Mississippi. The 2018 Deed of Trust was filed of record in the Office of the Chancery Clerk of Simpson County, Mississippi, on or about August 28, 2018, in Book 2390, at Pages 152-161, and as Instrument No. 201803141. A true and correct copy of the 2018 Deed of Trust is attached to the Complaint and marked as **Exhibit D**.

13. The Joneses obtained title insurance in connection with their purchase of the property, including Tract One and Tract Two.

14. As the attorney who closed the loan transaction, Defendant B. Scott Buffington obtained a policy of title insurance for the Joneses from Defendant Title Services, LLC.

15. Defendant Title Services, LLC, as agent for Fidelity, issued Owner's Policy of Title Insurance No. 215680018 (the "Owner's Policy") in the amount of Two Hundred and Forty-One Thousand Dollars and 00/100 cents ($241,000.00) on behalf of Fidelity to Mr. Jones and Mrs. Jones. A true and correct copy of the Owner's Policy is attached to the Complaint and marked as **Exhibit E**.

16. On April 5, 2019, to secure a refinance loan of Seventy-Three Thousand Dollars and 00/100 cents ($73,000.00), Mr. and Mrs. Jones conveyed a Deed of Trust (the "2019 Deed of Trust") encumbering Tract One and Tract Two to Nicole T. Lewellyn, as trustee for PriorityOne. The 2019 Deed of Trust was filed of record in the Office of the Chancery Clerk of Simpson County, Mississippi, on or about April 10, 2019, in Book 2401, at Pages 329-344, and as Instrument No. 201901289. A true and correct copy of the 2019 Deed of Trust is attached to the Complaint and marked as **Exhibit F**.

17. Defendant Title Services, LLC, as agent for Fidelity, issued Loan Policy No. 27342-237160360 (the "Loan Policy") in the amount of Seventy-Three Thousand Dollars and 00/100 cents ($73,000.00) on behalf of Fidelity to PriorityOne and its successors and/or assigns. A true and correct copy of the Loan Policy is attached to the Complaint and marked as **Exhibit G**.

18. The relationship between Fidelity and Title Services LLC was governed and remains governed by a May 17, 2018, Issuing Agency Contract attached to the Complaint as **Exhibit H**.

19. The Issuing Agency Contract required Title Services LLC to "[r]eceive and process applications for title insurance in a timely, prudent and ethical manner with due regard to recognized title insurance underwriting practices" and to "[b]ase each policy issued on behalf of [Fidelity] upon a determination of insurability of title which includes (i) a search from earliest

public records or in accordance with applicable state law and/or Principal's written instructions; and (ii) an examination of all documents affecting title to the subject property."

20. Under the Issuing Agent Contract, Title Services LLC is required to indemnify Fidelity for "[e]rrors and/or omissions in any commitment, policy, endorsement, or other title assurance caused by the abstracting or examination of title by" Title Services LLC and its employees, contractors or subcontractors.

21. The Issuing Agency Contract also requires indemnity by Title Services LLC for "[f]ailure of any title insurance commitment, policy, endorsement, or other title assurance to correctly reflect the status of title...or the vesting of title."

22. In this case, however, Title Services LLC issued policies on behalf of Fidelity that relied on a negligent search of public records relating to Tract One and Tract Two and thus caused Fidelity to incur a loss.

23. The policies issued by Title Services, LLC - the Owner's Policy and the Loan Policy – insure that title to Tract One and Tract Two was vested in fee simple in Mr. Jones and Mrs. Jones.

24. Both the Owner's Policy and the Loan Policy enumerate a series of "Covered Risks." Among the "Covered Risks" are "[t]itle being vested other than" in fee simple in Mr. Jones and Mrs. Jones.

25. But, as the public records of Simpson County showed prior to the insured transactions, title to Tract One and Tract Two was *not* vested in fee simple in Mr. Jones and Mrs. Jones. Because of the remainder interests transferred by the First 2013 Warranty Deed and the Second 2013 Warranty Deed, Defendant Donald Hankins owned only life estates in those tracts and thus could not convey fee simple title to the Joneses.

26. Therefore, in issuing the Owner's Policy and the Loan Policy, Title Services LLC relied on a negligent search of public records which failed to identify "all documents affecting title to the subject property."

27. That search was conducted by Defendant Buffington, the closing attorney hired by Title Services LLC. A true and correct copy of a Certificate of Title prepared by Mr. Buffington is attached to the Complaint and marked as **Exhibit I**. Mr. Buffington's Certificate of Title represented that Mr. Jones and Mrs. Jones owned "a good and merchantable fee simple title" in Tract One and Tract Two, "subject only to" enumerated "liens and exceptions" which failed to identify the remainder interests held by other parties in Tract One and Tract Two.

28. Upon discovering that they did not receive fee simple title to Tract One or Tract Two by virtue of the 2018 Warranty Deed, Mr. Jones and Mrs. Jones submitted a claim to Fidelity under the Owner's Policy on or about October 9, 2019 (the "Claim").

29. On or about September 8, 2020, Fidelity resolved the Joneses' Claim by paying a total of $180,162.29: the sum of One Hundred Ten Thousand Nine Hundred Thirty-two Dollars and 80/100 cents ($110,932.80) directly to the Joneses and the sum of Sixty-Nine Thousand Two Hundred Twenty-Nine Dollars and 49/100 cents ($69,229.49) to U.S. Bank National Association, which was acting as servicer for the loan underlying the 2019 Deed of Trust insured under the Loan Policy. True and accurate copies of the check and wire issued to resolve the Claim are attached to the Complaint and marked as **Exhibits J and K**.

30. Hence, Fidelity paid a total of One Hundred Eighty Thousand One Hundred Sixty Two Thousand Dollars and 29/100 cents ($180,162.29) in loss and incurred Nine Thousand Four Hundred Thirty Two Dollars and 50/100 cents ($9,432.50) in expenses[1] to resolve the Claim, due

---

[1] Those expenses consisted of payments to Appraisal Research Company, Inc., for appraisals of the subject property as well as a payment to Luckett Land Title, Inc., for a current search of the chain of title

7

to the defect in the chain of title to Tract One and Tract Two that was not identified by any Defendant.

31. Under the terms of the Owner's Policy, attached as Exhibit F, "[w]henever the Company shall have settled and paid a claim under this policy, it shall be subrogated and entitled to the rights of the Insured Claimant in the Title and all other rights and remedies in respect to the claim that the Insured Claimant has against any person or property, to the extent of the amount of any loss, costs, attorneys' fees, and expenses paid by the Company." Therefore, Plaintiff Fidelity is subrogated to the rights of the Joneses.

32. Fidelity has made demand upon all Defendants for reimbursement and indemnity. None has reimbursed Fidelity or agreed to indemnify it.

## COUNT ONE – BREACH OF WARRANTIES OF TITLE BY DEFENDANT DONALD HANKINS

33. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

34. By executing the 2018 Warranty Deed, Defendant Donald Hankins warranted that Tract One and Tract Two were free of incumbrances and that he had power to sell the same. *See* Miss. Code Ann. § 89-1-33.

35. Because of the undisclosed remainder interests Mr. Hankins previously conveyed in 2013, however, those warranties were breached.

36. Fidelity is subrogated to the rights of Mr. and Mrs. Jones and entitled to enforce their rights to the Title per the Owner's Policy.

---

to the referenced property. True and correct copies of the checks issued for those payments are attached as Composite **Exhibit L**.

37. As a proximate result of Mr. Hankins' breach of warranties, Fidelity has been damaged in the amount of One Hundred Eighty-Nine Thousand Five Hundred Ninety-Four Dollars and 79/100 cents ($189,594.79).

38. This Court should enter an Order requiring Defendant Donald Hankins to pay Fidelity One Hundred Eighty-Nine Thousand Five Hundred Ninety-Four Dollars and 29/100 cents ($189,594.79).

**COUNT TWO – BREACH OF CONTRACT BY DEFENDANT TITLE SERVICES LLC**

39. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

40. Title Services LLC acted as Fidelity's agent under the Issuing Agency Contract in issuing the Loan Policy and the Owner's Policy.

41. Under the Issuing Agent Contract governing the relationship between Fidelity and Title Services LLC, Title Services LLC is required to indemnify Fidelity for "[e]rrors and/or omissions in any commitment, policy, endorsement, or other title assurance caused by the abstracting or examination of title by" Title Services LLC and its employees, contractors or subcontractors.

42. The Issuing Agency Contract also requires indemnity by Title Services LLC for "[f]ailure of any title insurance commitment, policy, endorsement, or other title assurance to correctly reflect the status of title…or the vesting of title."

43. In this case, the title insurance policies issued by Title Services LLC on behalf of Fidelity failed to reflect correctly the statue of title to Tract One and Tract Two.

44. As a proximate result, Fidelity has been damaged in the amount of One Hundred Eighty-Nine Thousand Five Hundred Ninety-Four Dollars and 79/100 cents ($189,594.79).

45. Fidelity has demanded payment of that sum from Title Services LLC, but, to date, Title Services LLC has not reimbursed Fidelity.

46. This Court should enter an Order requiring Defendant Title Services LLC to pay Fidelity One Hundred Eighty-Nine Thousand Five Hundred Ninety-Four Dollars and 79/100 cents ($189,594.79).

### COUNT THREE – NEGLIGENCE OF DEFENDANT B. SCOTT BUFFINGTON

47. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

48. Fidelity relied upon searches of public real property records conducted by Defendant B. Scott Buffington, an attorney, in issuing the Owner's Policy.

49. Defendant B. Scott Buffington was aware that Fidelity, was relying upon his record searches in issuing the Owner's Policy.

50. Defendant B. Scott Buffington was under a duty to use reasonable diligence in conducting the title search and to identify all encumbrances of record in the chain of title to Tract One and Tract Two.

51. In failing to identify the outstanding remainder interests in Tract One and Tract Two, Mr. Buffington breached those duties.

52. As a proximate result of Mr. Buffington's breach of duties, Fidelity has been damaged in the amount of One Hundred Eighty-Nine Thousand Five Hundred Ninety-Four Dollars and 79/100 cents ($189,594.79).

53. This Court should enter an Order requiring Defendant B. Scott Buffington to pay Fidelity One Hundred Eighty-Nine Thousand Five Hundred Ninety-Four Dollars and 79/100 cents ($189,594.79).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Fidelity National Title Insurance Company, respectfully requests that the Court enter a final judgment in this case awarding Fidelity

10417576.1

the sum of $189,594.79 from Defendant Scott Buffington and/or Defendant Title Services LLC and/or Defendant Donald Hankins; and for all other relief proper in the premises.

Respectfully submitted, this 29th day of June, 2021.

                                    FIDELITY NATIONAL TITLE INSURANCE COMPANY

BY:    Balch & Bingham LLP

BY:    _____
         *Of Counsel*

Benjamin Bryant (103623)
Donald Alan Windham Jr. (100909)
E-mail: bbryant@balch.com
Balch & Bingham LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466